By the Court.
 

 The Nelsonville Transportation Company held certificate No. 604, authorizing the transportation of passengers between Nelsonville and Lancaster, Ohio, via Sugar Grove. On January 15, 1926, the Transportation Company and the Nelsonville Lancaster Bus Company made a joint application for authority of the former to sell to the latter said certificate of convenience and necessity, No. 604. The plaintiffs in error held separate certificates for the transportation of passengers over the same route, excepting a portion thereof comprising about 1% to 2 miles running through the village of Sugar Grove, over which the Transportation Company had been operating, but which the certificates of the plaintiffs in error did not cover.
 

 
 *395
 
 The plaintiffs in error protested against the granting of the application for sale and purchase of aforementioned certificate No. 604, alleging that the Transportation Company had not been operating over its route for more than six months prior to the filing of this application, that it had failed to carry out its schedules provided in its certificate, and that it did not have the necessary equipment to transport passengers over its said route. The protestants further alleged that they themselves were operating over said route under their several certificates and were carrying on transportation of passengers under their several schedules. They therefore asked that the application for sale and purchase be dismissed, and that certificate No. 604 should be cancelled.
 

 The commission set February 17, 1926, as the date for the hearing of said application and directed that publication of the filing, pendency, and assignment for hearing of the application be made once a week for three consecutive weeks, all of which was done.
 

 On February 17, 1926, the joint application aforesaid was heard by the commission, the protests were overruled, and the Transportation Company was given authority to sell to the Nelsonville-Lancaster Bus Company said certificate of public convenience and necessity, No. 604.
 

 On March 15, 1926, plaintiffs in error, protestants, filed their joint application for a rehearing, in which they alleged substantially the same grounds contained in the original protest, and included further allegations to the effect that, at the
 
 *396
 
 time of the order authorizing such sale and purchase, the purchasing company had not completed its incorporation, by filing its certificate of subscription with the secretary of state, and that the selling company, at the time of the hearing, had not paid the taxes required under the law to be paid. The reasons contained in the application for rehearing are very voluminous, but those herein stated seem to be relied on as the principal grounds for sustaining the rehearing sought by plaintiffs in error.
 

 The testimony furnished at the hearing is very brief. The route of the Nelsonville Transportation Company between Nelsonville and Lancaster was the same as that occupied by the protestants, except that the former deviated for a distance of
 
 iy2
 
 to 2 miles through the village of Sugar Grove. For a period of about four months, between September 15, 1925, and January 15, 1926, when tills application was made, it seems that the Nelsonville Transportation Company had suspended its operation over its entire route and allowed its equipment to fall into disrepair. It was urged at the hearing that this situation demanded the cancellation of the Transportation Company’s certificate, and that the order of the commission permitting the sale and purchase of that certificate was unreasonable and unlawful.
 

 However, this proceeding involved only the question of the transfer of the certificate for an agreed price. That was the only question before the commission and that was the only relief sought, of which notice was given by publication. Upon the
 
 *397
 
 hearing of that feature, the commission had full power to determine the nature of the contract involving the sale of the certificate, the character and responsibility of the new owner, its ability to give-proper and adequate public service, and any other feature materially affecting the sale of the certificate to the vendee. In such a proceeding the abandonment by the original certificate holder, or the furnishing of adequate service by it, was not germane under the application made and the published notice given. Were it otherwise, the Public Utilities Commission would, in every case involving the transfer of certificates, be required to enter into an extended hearing relating to the adequacy of service between competing transportation companies, which can be done only under a different statutory authorization and after due notice.
 

 After the protests of the plaintiffs in error were overruled, they sought to obtain a rehearing because of the alleged claim that the legal taxes had not been paid by the selling company and the incorporation of the purchasing company had not then been fully completed. Had these additional grounds been relevant, they could as well have been presented on the original hearing. Otherwise, a party could indefinitely extend the hearing by later introducing some new ground of complaint which could as well have been made on the first hearing.
 

 On the record presented, we hold that the order of the commission authorizing the sale and purchase of said certificate was not unreasonable or unlawful.
 

 
 *398
 
 The order of the Public Utilities Commission is affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.