UNIVERSITY CITY TRANSFER COMPANY v. FLORIDA RAILROAD COMMISSION, BROWN'S MOTOR FREIGHT LINES, INC., and HI-WAY TRANSPORTS, INC.

168 So. 413.
Division B.
Opinion Filed May 18, 1936.

*Roswell King,* for Petitioner;

*Leon P. Kitchen* and *Dan R. Schwartz,* for Intervenors;

*Waller & Pepper, Theo T. Turnbull* and *Claude Ogilvie,* for Respondents.

BUFORD, J.—Brown's Motor Freight Lines, Inc., a corporation, being a certificated motor vehicle common carrier between Jacksonville, Fla., and Gainesville, Fla., via. Starke, having contracted to sell its franchise in this regard to Hi-Way Transports, Inc., a corporation which was not a certificated motor vehicle common carrier, joined Hi-Way Transports, Inc., in petition for the approval of said commission to transfer the certificate of public convenience and necessity from Brown's Motor Freight Lines, Inc., to Hi-Way Transports, Inc. University City Transfer Company and Central Truck Lines filed objections. Hearing was had. Pertinent parts of the order of the Commission are as follows:

"Protest was made to the granting of this application and the transfer of this portion of the Certificate of Brown's Motor Freight Lines, Inc., on the ground that all rights of Brown's Motor Freight Lines, Inc., over this particular route had been abandoned for failure to operate according to the schedule required by this Commission. The evidence was conflicting on this matter. It shows, however, that since February 12, 1935, Brown's Motor Freight Lines, Inc., has been operating regularly over this route, the testimony being that since the agreement to sell and transfer this operation Hi-Way Transports, Inc., had furnished a truck for this operation and received the gross operating revenues although the operation was being made under the name of Brown's Motor Freight Lines, Inc. Objection was also made to the granting of this transfer on the ground that it

would have an adverse effect upon the operations of the University City Transfer and the Central Truck Lines, Inc., who were also operating over this same route. The records of the Comptroller's office, and of this Commission show that mileage taxes for such operations have been regularly paid. Hi-Way Transports, Inc., is not a certificated carrier, and is also making application for authority to operate as such carrier if this transfer be granted.

"Wherefore, it is CONSIDERED, ORDERED AND ADJUDGED by the Railroad Commission of the State of Florida that the joint petition of Brown's Motor Freight Lines, Inc., and Hi-Way Transports, Inc., for approval of the transfer and sale of that part of Certificate of Public Convenience and Necessity No. 91, between Jacksonville and Gainesville, over State Roads Nos. 1 and 13, from Brown's Motor Freight Lines, Inc., to Hi-Way Transports, Inc., be and the same is hereby APPROVED. It is further ORDERED that Hi-Way Transports, Inc., be GRANTED a Certificate of Public Convenience and Necessity to operate over this route between Jacksonville and Gainesville, Florida."

University City Transfer Company procured the issuance from this Court of a writ of certiorari upon which to review that order. L. & L. Freight Lines, Inc., has been allowed to intervene with Respondent. Petitioner submits that there are certain questions presented for our consideration, as follows:

"Under the evidence and proof submitted, was it the duty of the Railroad Commission to declare a forfeiture of the Certificate of Public Convenience and Necessity issued to Brown's Motor Freight Lines, Inc., and sought to be transferred to Hi-Way Transports, Inc.?

"Does the evidence disclose that Brown's Freight Lines, Inc., have anything in the nature of a Certificate of Public Convenience and Necessity capable of being transferred?

"Is the evidence and proofs submitted sufficient to justify the issuance of a Certificate of Public Convenience and Necessity to Hi-Way Transports, Inc.?

"Does the record and the order authorizing transfer of the Certificate and granting Certificate of Public Convenience and Necessity affirmatively disclose failure on the part of the Commission to consider:

"(a) The statutory and constitutional rights and privileges of present transportation facilities serving the territory?

"(b) The effect of the granting of such order on the organized and regulated transportation facilities serving the territory?

"(c) The interest of the shipping and consigning public."

As to questions 1, 2 and 3, we find that they can only be answered by considering and determining the probative force of evidence, which we may not do in certiorari proceedings when the record, as it does in this case, discloses that there was substantial evidence to sustain the conclusions reached by the Railroad Commission.

So it is that the result here must turn on our answer to the fourth question, which question is hereinbefore quoted. Paragraph (a) thereof challenges the action of the Railroad Commission in awarding approval of the transfer of a certain certificate of public convenience and necessity No. 91 between Jacksonville and Gainesville over State Roads Nos. 1 and 13 from Brown's Motor Freight Lines, Inc., to Hi-Way Transports, Inc., and granting a certificate of public convenience and necessity to Hi-Way Transports, Inc., to operate over this route between Jacksonville and Gainesville, Florida.

The matter of transfers of certificates of public convenience and necessity is controlled by Section 4 of Chapter 14,764, Acts of 1931, and particularly that part of that section reading as follows:

"No Certificate of Public Convenience and Necessity issued under the provisions of this Act may be assigned or transferred without the consent of the Railroad Commission authorizing such transfer. Application for transfer of any Certificate of Public Convenience and Necessity shall be filed jointly by the assignor and the assignee and shall be subject to the same provisions as to public hearing and notice as original applications for Certificates of Public Convenience and Necessity and the Commission may reasonably alter, restrict or modify the terms and provisions of any such certificate or, impose restrictions on such transfer where the public interest may be best served thereby, or transportation facilities within the territory or on the route involved may be safeguarded or improved in the interest of the public."

There is no showing that the Railroad Commission has promulgated any rule on the subject of transfers. Therefore, there is no other requirement of law to be met except that contained in the foregoing provision. The record shows that these provisions were complied with.

If the Railroad Commission had in the exercise of its discretion revoked the certificate of Brown's Motor Freight Lines, Inc., then there would be nothing to transfer and Hi-Way Transports, Inc., would have been required to meet the burden of proof to acquire a certificate of Public Convenience and Necessity before being granted a permit to operate over this route. When we refer to the exercise of its discretion we do not mean to say that the Railroad Commission has vested in it a discretion to revoke a permit of

Public Convenience and Necessity or not, as it may see fit, but we mean the exercise of its discretion in weighing the probative force of evidence on the merits of the question as to whether or not the involved certificate holder has been guilty of such conduct as in law makes it the duty of the Railroad Commission to revoke such certificate of Public Convenience and Necessity. This matter is covered in Sections 9 and 10 of Chapter 14,764, *supra.*

Now, in the exercise of the authority vested by those two sections of the controlling Act, the Railroad Commission on weighing the evidence pro and con, declined to revoke the certificate. The record does not show that any formal charge had been made against Brown's Motor Freight Lines, Inc. No citation had been issued by the Railroad Commission directed to that certificate holder, either of its own accord or because of the complaint of the violations of any of the provisions of law, prior to the filing of the application for the transfer of the certificate.

And so it is, unless the certificate was revoked, there was no necessity for the transferee of the certificate to show the existence of public convenience and necessity as would be required to support an original application for the issuance of such certificate.

Therefore, the record does not affirmatively show that there was a failure on the part of the Railroad Commission to consider such questions as were required to be considered in regard to the present transportation facilities serving the territory involved.

As to the questions presented by paragraphs (b) and (c) of question 4, we think they must be resolved against the contention of the petitioner because it is clearly shown by the order of a majority of the Commission and by the dissent to that order entered and made a part of the record

by Commissioner Mathews, that these questions were fully considered and acted upon insofar as the law required them to be considered and acted upon by the Commission.

We deem it unnecessary to quote here excerpts from the testimony given pro and con. It is sufficient to say that there is substantial evidence disclosed by the record to preclude this Court on Certiorari proceedings quashing the order based on the conclusions reached by a majority of the Railroad Commission.

For the reasons stated, the writ of certiorari will be quashed and the cause dismissed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.