WEST SHORE EXPRESS, INC., Respondent, vs. PUBLIC SERVICE COMMISSION and others, Appellants.

*April 1—May 5, 1953.*

For the appellant Public Service Commission there was a brief by the *Attorney General* and *William E. Torkelson,* chief counsel for the commission, and oral argument by *Mr. Torkelson.*

For the appellants Northern Transportation Company and Motor Transport Company there was a brief by *Adolph J. Bieberstein* and *Glenn W. Stephens,* both of Madison, and oral argument by *Mr. Bieberstein.*

For the respondent there was a brief by *Dineen, Gleason, Shaughnessy & Dineen* of Milwaukee, and oral argument by *C. R. Dineen* and *William C. Dineen.*

BROWN, J.    Stated in simple terms, West Shore Express, Inc. (hereinafter called "West Shore"), has previously been authorized as a common carrier to transport cargo across an area but not to pick up or deliver goods within it.  Voeks is a common carrier having authority to make collections and deliveries inside the territory and his authorized routes connect at various places with the routes of West Shore.  If a carrier has freight destined for delivery outside its authority but within that of another it may arrange for such delivery by the other connecting carrier.  Such connecting service is known as *joint-line* service.  When the carriage is performed by a single agent who possesses a single authority to complete it from collection to delivery of the freight, it is known as single-line service.  Single-line service is preferred by shippers and there are a number of carriers with single-line

authority who already serve this territory. Two of them objected to the assignment of Voeks' authority to West Shore and joined the commission in its appeal.

The respondent West Shore applied only for an assignment of Voeks' authority and submits that its application is governed by sec. 194.25 (2), Stats., which declares:

"(2) No right, privilege, certificate, or license under the provisions of this chapter shall be sold, *assigned,* leased, transferred, or mortgaged either by voluntary or involuntary action, except after a finding by the commission that the same is not against the public interest." (Italics ours.)

Sec. 194.23 (1), Stats., provides that if approval of an *amendment* to an existing certificate is sought which involves the establishment of service at any city or village, the approval may be given or withheld as the public interest may require, upon a finding by the commission of public convenience and necessity. West Shore did not attempt to show to the commission that public convenience and necessity allowed it to have Voeks' authority. It contends that the application is for an *assignment* of Voeks' rights, involving no enlargement of the rights of anyone, and asserts that commission approval is mandatory if such assignment is not against the public interest. On the other hand, the commission submits that possession by West Shore of Voeks' authority for local receipt, carriage, and delivery of freight necessarily changes West Shore's former authority for joint-line service with Voeks into authority for West Shore's single-line service to the points formerly served by Voeks; that the substance of the application, not the form, must govern, and since the substance is for a new operating right the applicant must establish public convenience and necessity. It concludes that to grant the application without such proof is against the public interest.

The commission refused approval but did not render its decision and order for more than sixty days after the con-

clusion of testimony and filing of briefs. Sec. 194.14 (2) and (3), Stats., provides:

"(2) Notwithstanding the provisions of chapter 227 the commission, when passing upon an application for a certificate, license, or amendment thereon as provided for in this chapter, may, in making its decision thereon, rely on an oral or written summation of the record made by the person who has heard the testimony.

"(3) The commission shall make its finding and issue its order on any such application within sixty days after submission of all evidence' and after the date set for the filing of briefs or oral argument, whichever is later, submitted upon behalf of any party to such case. If the commission shall fail to make its finding and issue its order within the time herein prescribed, a grant of the certificate, license, or amendment thereto shall thereupon issue by operation of law."

The commission attempts to avoid a statutory grant of West Shore's application under this section by reliance upon the form of the application which was for approval of an assignment, only, contending that thus it is not governed by the time limit of the above statute which deals with an original application or with amendments of existing authorities.

It is clear that the commission cannot win this particular appeal no matter how we construe West Shore's application. If we agree with the commission that, in spite of the language of the application which asked only for approval of an assignment of Voeks' authority, there is actually an application for an amendment of West Shore's authority, giving West Shore new single-line rights then, of course, the commission was correct in requiring West Shore to satisfy the call of sec. 194.23 (1), Stats.; but in that case sec. 194.14 (2) and (3) must be observed and the result of delay in decision is a statutory grant of the authority contemplated by the application. On the other hand, if the commission is correct in its argument that sec. 194.14 (2) and (3) does not apply

because West Shore did not ask for an amendment, it was jurisdictional error for it to hold West Shore to the proof of public convenience and necessity required for approval of amendments but not for approval of assignments. We cannot, agree with the commission that it may rely on the application's supposed substance to sustain its decision and repudiate that substance when the time comes at which the statute says decisions concerning such applications shall be made. If the commission is right in either part of the controversy it is wrong in the other and the result must be to affirm the judgment of the trial court reversing the commission's order.

We think it desirable, however, to consider the question with which the commission was primarily concerned.

When *Clintonville Transfer Line v. Public Service Comm.* (1951), 258 Wis. 570, 46 N. W. (2d) 741, was decided, the commission had a rule (72 (f)) stating:

"If an intrastate common motor carrier certificate is to be assigned to another intrastate common motor carrier which operates a connecting route and if it is proposed to operate the combined systems as a single through route, the application must be supported by evidence that public convenience and necessity require the through service."

We held that this rule was invalid because it compelled the applicant to satisfy the requirements of the statutes governing both amendments and assignments of authorities which was not a statutory requirement in an assignment proceeding. We said, further, that the commission must approve an assignment if it is not against the public interest. No doubt the commission has abrogated rule 72 (f) but we consider that it goes even further than such void rule when it contends that if by assignment authorities to move traffic over two connecting routes are to be owned by one person, firm, or corporation, proof of public convenience and necessity must be made before such an assignment may be approved. In the *Clintonville Case, supra,* the applicant sought

an assignment of the authority of Eastern Transportation Company, a connecting carrier. The former informed the commission that it intended to render single-line service between all points on the two routes. Nevertheless, we held that since the application was only for approval of an assignment and the assignment was not shown to be against the public interest, the commission must grant it; but such approval conferred no new operating rights, so that if and when Clintonville proposed to give single-line service to the combined route it would be necessary for it to obtain an amendment to its certificate under the provisions of sec. 194.23, Stats., with proof of public convenience and necessity.

We consider the *Clintonville Case, supra,* is a more drastic denial than the instant one of the commission's jurisdiction to demand proof of public convenience and necessity where approval is sought for the assignment of the authority of one carrier to a carrier with a connecting line, for the Clintonville applicant expressly stated that it was its purpose to conduct single-line operations while here the applicant told the commission that it would maintain the former joint-line service between the two routes. The commission took the testimony of other operators and concluded that such joint-line operation was impossible,—it said "as a matter of law a single carrier cannot joint-line with itself,"—and because West Shore did not then make the proof required for approval for an amendment to its certificate, denied the application. We think that the *Clintonville Case, supra,* controls the present situation and approval of an assignment of Voeks' authority was already established as not being against the public interest, and West Shore had previously been approved as a carrier fit to serve the public. If, then, in combining the two systems, West Shore does conduct what the commission considers single-line operation the commission has the same power to interfere that it has when any carrier operates outside its authority; while if West Shore's operations actually

remain within its separate authorities obviously they should not be restrained. Except for the untenable assumption that new operating rights are necessarily created by such assignment, nothing contrary to public interest appears by reason of which approval of the assignment may be denied. If, having secured the assignment, West Shore finds itself unable to do what it wants without exceeding its authority that may be West Shore's hard luck, but the conviction that this will happen does not give the commission jurisdiction to deny approval for lack of proof by West Shore of elements which the statutes do not require when assignments, not amendments, of authority are under consideration.

*By the Court.*—Judgment affirmed.

CURRIE, J., took no part.