INDIANAPOLIS & SOUTHERN MOTOR EXPRESS, INC. ET AL. *v.* PUBLIC SERVICE COMMISSION OF INDIANA, ET AL.

[No. 28,965.   Filed June 13, 1953.]

*James Lesh, Robert. C. Smith, John S. Powell, (Anderson, Lesow & Lesh, and Cowan & Smith, of Counsel)* all of Indianapolis, for appellants.

*Edwin K. Steers*, Attorney General, *J. Emmett Mc-Manamon*, former Attorney General, *Jesse D. Wright and Clifford L. Hardy*, Deputy Attorneys General, for appellee, Public Service Commission.

*James R. Regester*, of Bloomington, *C. B. Dutton* and *Phillip S. Kappes*, of Indianapolis for appellees, B. B. & I. Motor Freight, Inc.

EMMERT, J.—This is an appeal from a judgment on a special finding of facts and conclusions of law which approved and sustained an order of the Public Service Commission of Indiana approving a lease of a Certificate of Convenience and Necessity to transport property by motor vehicles as a common carrier, intrastate, held by the Adkins Transfer Company, Inc. and leased by it to B. B. & I. Motor Freight, Inc., as lessee.

Order No. 1149-A, 16, made March 15, 1951, which approved the lease, was made after notice and hearing. It recited in substance the testimony given at the hearing by J. H. Adkins, Walter Hohman, Ezra Satter, Bryan Pitcher, and James T. Chandler. The finding of the Commission is contained in the following paragraph:

"The Commission after having examined said joint application, considered the evidence and being duly and fully advised in the premises now finds and is of the opinion that BB & I Motor Freight, Inc. has sufficiently proved responsibility [,] their financial and physical ability to render the satisfactory and adequate service under said certificate and that said lease should be approved in all respects and it is so ordered."

The appellants insist that the cause should be reversed because (1) there was no finding by the Commission that the lease would be in the public interest, as required by clause (b) of §47-1226, Burns' 1952

Replacement, and (2) the Commission did not make sufficient findings of ultimate facts as required by §54-112, Burns' 1951 Replacement.[1]

We are of the opinion that the lease did not provide for a consolidation or merger within the provisions of §47-1226, Burns' 1952 Replacement. Adkins did not lease its trucks or property to B. B. & I. Motor Freight, Inc. Adkins still retains Certificates of Convenience and Necessity for its operation as a common carrier of freight interstate. There was no evidence that a single management or operation of the properties would grow out of the lease. The lessee did not acquire any power or authority to manage, direct, superintend, govern, or administer the lessor. Under such circumstances the execution of the lease would be valid if the Commission made a sufficient finding to sustain its approval of the lease under §47-1219, Burns' 1952 Replacement.[2] There was no necessity in holding another hearing, such as required by §47-1217, on the matter of public convenience and necessity. That had

---

1. "The commission created by this act [§§54-102, 54-109-54-120] shall in all controversial proceedings heard by it be an impartial fact-finding body and shall make its orders in such cases upon the facts impartially found by it." Section 54-112, Burns' 1951 Replacement.

2. "Any certificate or permit or part thereof owned, held or obtained by any such carrier may be sold, assigned, leased, bequeathed or transferred as other property upon approval by the commission, and the commission may inquire into the responsibility of the person obtaining or seeking to obtain ownership or control of any certificate or permit and, if it finds such person to be irresponsible or unable to render satisfactory and adequate service under said certificate or permit the commission may enter an order denying the transfer: Provided, however, That no certificate or permit or part thereof may be sold, assigned, leased, bequeathed or transferred except after a public hearing before the commission and after notice as required for other hearings before the commission: Provided, further, that in the determination of such matters evidence shall be received as to any outstanding freight damage, loss or overcharge claims in order that the rights of the public may be fully protected." Section 47-1219, Burns' 1952 Replacement.

already been done when the original certificates had been issued. *Ramsey* v. *Public Utilities Comm. of Ohio* (1926), 115 Ohio St. 394, 154 N. E. 730; 1946 Ind. O. A. G. 349 (Opinion No. 90) and authorities therein cited.

In *Kosciusko County, etc.* v. *Public Service Comm.* (1948), 225 Ind. 666, 674, 675, 77 N. E. 2d 572, we construed the effect of §54-112, Burns' 1951 Replacement, and said "These facts should be found specially and not generally. The findings must be specific enough to enable the court to review intelligently the Commission's decision. *Atchison, T. & S. F. Ry. Co.* v. *Commerce Commission* (1929), 335 Ill. 624, 167 N. E. 831. . . . It is also our opinion that the lack of an express finding may not be supplied by implication and reference to the averments of the petition invoking the action of the Commission as was attempted in this order. *Wichita Railroad & L. Co.* v. *Public Utilities Commission,* 260 U. S. 48, 67 L. Ed. 124, 43 S. Ct. 51."

The reasoning of this case was approved and followed in *Wabash Valley Coach Co.* v. *Arrow Coach Lines* (1950), 228 Ind. 609, 613, 94 N. E. 2d 753. In this case we said "The Public Service Commission should find the ultimate facts specifically and not generally. The findings of fact must be specific enough to enable the court to review intelligently the Commission's decision."[3]

Although §47-1219, Burns' 1952 Replacement, states

3. "That portion of the finding which recites that the project is a necessary and useful one for the public welfare as a whole, and that it will be in the interest of and for the convenience and safety of the traveling public is a conclusion drawn by the Commission. It is not a finding of facts upon which an order could be based. *Kosciusko County, etc.* v. *Public Service Comm., supra.*" *Public Service Commission* v. *Fort Wayne Union Ry. Co.* (April 21, 1953), 232 Ind. 82, 111 N. E. 2d 719, 726.

the Commission *may* inquire into the financial responsibility of the new operator under the certificate and its ability to render satisfactory and adequate service, we believe this is a mandatory requirement of the Commission. The concluding proviso of the section provides that "evidence shall be received . . . in order that the rights of the public may be fully protected."

However, we are of the opinion that the finding made by the Commission is insufficient to sustain its order under §54-112, Burns' 1951 Replacement. A statement as to what various witnesses testified to is not a finding of ultimate facts. Flanagan, Wiltrout & Hamilton, Ind. Tr. & App. Pr. §1731, p. 350; 3 Lowe, Works' Indiana Practice §53.24, p. 299; 2 Gavit Ind. Pl. & Pr. §432, p. 2365. We should be able, from an examination of the findings alone to ascertain whether the order is sustained by the findings. The finding of the Commission in order to comply with §54-112, Burns' 1951 Replacement, and §47-1219, Burns' 1952 Replacement, should have contained findings of ultimate facts on the following points: (a) The substance of the Certificate of Convenience and Necessity held by Adkins, (b) the substance of the Certificates of Convenience and Necessity held by B. B. & I. Motor Freight, Inc., (c) the substance of the contract constituting the lease between the parties, (d) the responsibility and the capacity of the lessee "to render satisfactory and adequate service" under the leased certificate, (e) a finding as to any outstanding freight damage, loss or overcharge claims against both the lessee and the lessor.

We appreciate the difficulty often encountered in determining whether a finding of fact is a mere state-

ment of evidence, a finding of ultimate fact, or a conclusion of law. However, it has been recognized that it is safe practice in case of doubt to include in the finding as a statement of ultimate fact, a matter concerning which there may be some doubt. If evidentiary facts are included in the findings no harm has been done since the evidentiary facts are mere surplusage. Flanagan, Wiltrout & Hamilton, Ind. Trial & App. Pr. §1732, p. 352.

It is not necessary in this case to decide whether the finding, had it been sufficient, was sustained by substantial evidence. We do not believe the Commission committed error in receiving and admitting in evidence the financial statement taken from the books of B. B. & I. Motor Freight, Inc. Administrative boards are not bound by the strict rules of evidence concerning hearsay evidence that courts enforce. *Patton Park, Inc.* v. *Anderson* (1944), 222 Ind. 448, 53 N. E. 2d 771; *Shelby Mfg. Co., Inc.* v. *Harris* (1942), 112 Ind. App. 627, 44 N. E. 2d 315; 1 Wigmore, Evidence (3rd Ed.) §4c.

Appellee's answer brief does not assert that the appellants were not aggrieved parties under §47-1249, Burns' 1952 Replacement, authorizing court review of the order of the commission. Appellees assert there is no evidence of through routes to be created by the lease. However, we do not believe the term "aggrieved party" should receive a narrow construction under §47-1249, Burns' 1952 Replacement. A competitor may be an aggrieved party. *People ex rel. New York Edison Co.* v. *Wilcox* (1912), 207 N. Y. 86, 100 N. E. 705, 45 L. R. A. (N. S.) 629, and cases therein cited.

The judgment is reversed, with instructions to the trial court to restate its finding of facts and conclu-

sions of law in conformity with this opinion, and to enter judgment thereon, and to remand the cause to the Public Service Commission for further proceedings consistent herewith.

NOTE.—Reported in 112 N. E. 2d 864.