338 P.2d 1055

BEKINS VAN & STORAGE CO., INC., a Corporation, and Alfredo Gonzales, an individual, Plaintiffs-Appellees,

v.

STATE CORPORATION COMMISSION OF NEW MEXICO, and John Block, Jr., James F. Lamb and Ingram B. Pickett, Members of said Commission, Defendants-Appellants,

Charles R. Wilson and John R. Wilson, partners, d/b/a Wilson Transfer & Storage Company; C. J. Hogue and Earnest K. Lacy, partners, d/b/a Albuquerque Moving and Storage Co.; Dalton Transfer and Storage Co., Inc., a Corporation; Robert E. Waterman and E. E. Higginbotham, partners, d/b/a Los Alamos Transfer; Southwest Moving and Storage Company, a Corporation; M. B. Bennett, d/b/a Bennett's Transportation Company; J. Clell Miller, d/b/a Miller Van Lines and Santa Fe Storage and Transfer Co., a Corporation, Intervenors-Appellants.

No. 6509.

Supreme Court of New Mexico.

April 14, 1959.

Rehearing Denied May 25, 1959.

Fred M. Standley, Atty. Gen., Joel B. Burr, Jr., Asst. Atty. Gen., for appellants.

O. Russell Jones, Jack Smith, Santa Fe, for intervenors.

Modrall, Seymour, Sperling, Roehl & Harriss, Leland S. Sedberry, Jr., Albuquerque, Donovan N. Hoover, Santa Fe, for appellees.

SADLER, Justice.

The appellants, being the defendants and intervenors below, complain of the action of the district court of Santa Fe County, in deciding to vacate an order of State Corporation Commission, made October 3, 1957, withholding approval of an application to transfer to Bekins Van & Storage Co., Inc. that portion of the operations described in Certificate of Public Convenience and Necessity No. 739 in the name of Alfredo Gonzales, authorizing "the transportation of household goods between points and places in Harding, Colfax, Union, Taos, Mora, San Miguel, Santa Fe, Sandoval and Bernalillo Counties," theretofore issued by said Corporation Commission to Alfredo Gonzales, an individual.

The two parties mentioned filed their complaint in the district court of Santa Fe County on December 23, 1957, pursuant to the provisions of 1953 Comp. § 64–27–11 and the Commission's Rule No. 21. At a hearing held in the offices of the Commission in Santa Fe, New Mexico, on April 17, 1957, the Commission had taken the position that the transfer in question would result in the creation of a new, or substantially different, service from that previously rendered under the certificate and, accordingly, that proof of public convenience and necessity would have to be shown. The plaintiffs herein having declined to offer such proof, the order of the Commission made on October 3, 1957, followed, becoming the basis for this proceeding in the district court.

Under court order, dated February 18, 1958, certain interested carriers, who had been parties to the proceeding before the Commission, were allowed to intervene. The district court, after hearing, entered judgment for the plaintiffs setting aside the order of the Commission on September 14, 1958. The court, on the same day, upon motion of the defendants and intervenors, allowed an appeal to the Supreme Court with stay of said judgment pending appeal.

The facts out of which the present con-- troversy arose appear from what has been said. Only a few further facts need be set forth. Gonzales was the holder of Certificate No. 739 issued by the Commission. It .authorized operations thereunder, as follows:

"Transportation of coal, sand, gravel, hay and cake between points and places in Harding, Colfax and Union Counties, lumber and household goods between points and places in Harding, Colfax, Union, Taos, Mora, San Miguel, Santa Fe, Sandoval and Bernalillo Counties. Ranch and farm supplies from and to points of railheads and scheduled common carriers in Harding, Colfax and Union Counties. Nonscheduled and over irregular routes."

Gonzales resided and operated out of Roy, New Mexico. He entered into a contract with Bekins Van & Storage Company, Inc., a corporation domiciled in Albuquerque, New Mexico, whereby he proposed, subject to approval of .the Commission, to sell the Bekins Van & Storage Company, Inc., that portion of Certificate No. 739, as follows:

"Transportation of household goods between points and places in Harding, Colfax, Union, Taos, Mora, San Miguel, Santa Fe, Sandoval and Bernalillo Counties, over irregular routes, under non-scheduled service."

It was the refusal of the trial court to approve, and its action in setting aside, the Commission's order that caused this appeal. In other words, the trial court held no showing of public convenience was required on the transfer presented to the Commission for approval.

We are compelled to agree with the trial court's ruling. In so doing we have the support of decisions from some thirteen or more states which possess statutes of similar import to our own on this subject holding an inquiry is unnecessary upon a transfer such as we have before us here. See decisions from other states, as follows: Sale v. Railroad Comm., 15 Cal. 2d 612, 104 P.2d 38; University City Transfer Co. v. Florida Railroad Comm., 124 Fla. 308, 168 So. 413; Woodside Transfer & Storage Co. v. Georgia Public Service Comm., 212 Ga. 625, 94 S.E.2d 706; Indianapolis & Southern Motor Express, Inc. v. Public Service Comm., 232 Ind. 377, 112 N.E.2d 864; McGehee v. Wolchansky, 217 Miss. 88, 63 So.2d 549; Caudill v. Lysinger, 161 Neb. 235, 72 N.W.2d 684; Ramsey v. Public Utilities Comm., 115 Ohio St. 394, 154 N.E. 730; Paradise v. Pennsylvania Public Utility Comm., 184 Pa.Super. 8, 132 A.2d 754; Application of Transport, Inc. of South Dakota, 75 S.D. 340, 64 N.W.2d 313; Railroad Comm. of Texas v. Jackson, Tex., 299 S.W.2d 266; Frank L. Cook Transfer v. Commonwealth, 196 Va. 384, 83 S.E.2d 733; West Shore Express, Inc.

v. Public Service Comm., 264 Wis. 65, 58 N.W.2d 407. See, also, subject annotation, 15 A.L.R.2d 883.

In McGehee v. Wolchansky, supra [217 Miss. 88, 63 So.2d 551], the latter applied to the Public Service Company of Mississippi for approval of his offer to purchase the certificate held by Young and Chamberlain for intrastate transportation between all points in Mississippi of household goods, furniture and fixtures. There, as here, it was claimed the transferor had not operated for several years and that other carriers were furnishing adequate service. The court pointed out, as is the case here, that the certificate involved had never been revoked and was still valid and outstanding and that no proceedings had ever been instituted to revoke same. The Commission held against all these arguments and affirmed its action with this language, to-wit:

"In Houston & North Texas Motor Freight Lines, Inc.—Purchase—Interstate Motor Freight Lines, Inc., decided in 1938 under said Section 213, 1 F.C.C. 187, it is said: 'Protestants also argue that other rail and motor carriers already furnish adequate through scheduled service between these points, and that there is no need for an additional and competitive service by applicant, which should only be authorized upon a showing of public convenience and necessity. These arguments

are untenable in a Section 213 proceeding.' "

In Hostetter v. Pennsylvania Public Utility Comm., 160 Pa.Super. 94, 49 A.2d 862, 864, the rule as it exists in Pennsylvania was stated, as follows:

"Since 1937 the commission has followed a rule, established by its decision in Grimm's Application, 17 Pa.P.U.C. 25, that in applications for transfers of existing certificated rights proof of necessity shall not be required.

"Hitherto the rule has not been presented for judicial scrutiny, but we experience no difficulty in approving it. It is only an application of a familiar and elementary common law principle, the so-called presumption of continuance doctrine, by which a condition of a continuous nature once established may be assumed to continue until the contrary is shown. Cf. Donze v. Devlin, 329 Pa. 1, 195 A. 882."

In Application of Transport, Inc. of South Dakota, supra [75 S.D. 340, 64 N.W. 2d 315], the court said:

" * * * We think it would be contrary to the spirit and intent of the statute to require a hearing in each instance and impose the burden upon the transferee to show the existence of public convenience and necessity as a prerequisite to the authorization of a transfer. Indianapolis & Southern

Motor Express, Inc. v. Public Service Commission [232 Ind. 377] 112 N.E.2d 864; Ramsey v. Public Utilities Commission, 115 Ohio St. 394, 154 N.E. 730; Sale v. Railroad Commission, 15 Cal.2d 612, 104 P.2d 38; University City Transfer Co. v. Florida Railroad Commission, 124 Fla. 308, 168 So. 413. That determination as above stated was had when the original certificates were issued and, in the absence of proof to the contrary, the assumption is warranted that public convenience and necessity require continuation of the services previously authorized. * * *"

In L. A. Norris Truck Line v. Railroad Commission, 245 S.W.2d 746, 748, the rule applied in Texas is well stated by the court of civil appeals in Austin, as follows:

"The Commission found from the evidence that sale was in good faith and in the public interest, and fully complied with the statute in approving the division, sale and transfer of the certificate, and we believe that the orders are valid.

"We do not believe that the question of dormancy or abandonment of the authority to transport oil-field equipment are for the court to determine in this instance.

"The Commission has original jurisdiction over matters of abandonment.

Section 12(b) of Article 911b [Vernon's Ann.Civ.St. art. 911b] makes provision for the revocation of any certificate after notice and hearing.

\* \* \* \* \* \*

"The question of necessity and convenience having been determined by the Commission at the time the original certificate was granted, there was no occasion to or authority for the reopening of such question upon the application for the sale and transfer of the divided portion of the certificate."

What the court of civil appeals of Texas said in above mentioned case is peculiarly applicable here where substantially the same statutory provisions as respect dormancy of a certificate and its revocation exist, as shown by the opinion obtain in Texas.

In a later Texas case, Railroad Commission of Texas v. Jackson, supra [299 S.W. 2d 269], while the Supreme Court of Texas declined approval of the transfer in the particular instance, it sets out so clearly when it will and when it will not insist upon new proof of public convenience and necessity that we quote from its opinion, as follows:

"The authorities seem to establish the proposition that when no 'new service' is established by the mere transfer of a permit, the issues before the Commission are those indicated by

the Court of Civil Appeals, namely, good faith, adequate equipment, financial ability and willingness to abide with the law and the Commission's regulations. However, when the transfer will result in establishment of a substantially different service from that theretofore existing, we think the principle of the Red Arrow re-routing cases is applicable and that an issue of public convenience and necessity arises for the initial determination by the Commission. Railroad Commission of Texas v. Red Arrow Freight Lines, Tex.Civ.App., 96 S.W.2d 735, 738."

It is the aim of counsel for the defendants and intervenors to bring themselves within the exception pointed out in the quotation last above. Unfortunately for them the proof does not place them there. The plaintiffs, under the conditions imposed for approving a transfer have met every requirement, under the findings made by the trail court.

As in many of the states from which cases are cited, New Mexico has a statutory provision governing the transfer of a certificate. 1953 Comp., § 64–27–11, provides:

"No certificate issued in accordance with the terms of this act shall be construed to be either a franchise or irrevocable or to confer any property right upon the holder thereof. No certificate issued under this act shall be assigned, leased or otherwise transferred without the approval of the commission. No certificate issued under this act shall be assigned, leased or transferred until the holder thereof shall establish to the satisfaction of the commission that all indebtedness of transfer or that pertains to the certificate or operation under such certificate sought to be transferred has been fully paid, settled and discharged."

Only one express condition to the approval sought appears in the statute authorizing approval of transfers, namely, that the holder shall satisfy the commission that all indebtedness pertaining to the certificate has been paid. The indebtedness referred to has been held in an attorney general's opinion to be only such as is directly attributable to the certificate, such as mileage taxes and funds due the state. It is not contended any such debts were due and unpaid in this instance. Indeed, the trial court expressly found that all such debts mentioned in the statute had been paid.

The court below further found that the certificate in question contains no restrictions of any character, either as to the domicile and location of the equipment to be used by the certificate holder, or as to the quantity, quality or type of service to

be performed other than to conduct an irregular route service between all points and places within counties therein named. It concluded that public convenience and necessity were not germane to the hearing on an application to approve the transfer. And, finally, there was the decisive conclusion that the order of the State Corporation Commission in declining to approve the transfer was "unlawful, unreasonable, artbitrary, capricious, confiscatory, and void."

It is our settled conviction that the trial court was correct in setting aside and vacating the order of the State Corporation Commission in declining approval of the transfer of the portion of the certificate in question upon the ground a new showing of public convenience and necessity was required. The transferee proposed to conduct its operations strictly in conformity within the limits of the authority conferred by the certificate in question as to the portion thereof being transferred.

Indeed, nothing said in our somewhat recent decision in Musslewhite v. State Corporation Commission, 61 N.M. 97, 295 P. 2d 216, conflicts in any way with the holding we announce today. In so far as it has any bearing at all, it may be said to have forecast the result we announce.

Finding no error the judgment of the trial court will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

CARMODY, J., having tried the cause below, not participating.