[File No. 7199]

IN THE MATTER OF THE APPLICATION OF W. N. DITS-WORTH, Williston, North Dakota, for a Special Certificate of Public Convenience and Necessity for the transportation of passengers and their baggage between Williston and surrounding trade area on the one hand and other points and places in North Dakota on the other.

ALLEN SWARTWOUT and WILLIAM M. DuSHANE, d/b/a Gordon's Taxi, Appellants, v. W. N. DITSWORTH, Respondent.

(48 NW2d 22)

4

Opinion filed May 9, 1951

*Eugene A. Burdick,* for appellants.

*Arley R. Bjella,* Williston, for respondent.

*Richard P. Gallagher,* Commerce Counsel, for Public Service Commission.

MORRIS, Ch. J.   This is an appeal from a judgment of the District Court of Williams County. affirming an order of the Public Service Commission of the State of North Dakota granting an application of W. N. Ditsworth for a special certificate of public convenience and necessity authorizing the transportation of passengers and their baggage in groups not to exceed six passengers per trip between Williston, North Dakota, and points and places not to exceed twenty miles in each direction from Williston.   The appellants, Swartwout and DuShane, protested the granting of the application.   They were the appellants in the district court and are the appellants here.   In September 1948 they bought a going taxicab business in the City of Williston, known as the 119 Taxi, or Gordon's Taxi, which they operate under a license from the City of Williston.   They also hold a certificate of public convenience and necessity issued by the

Public Service Commission which authorizes them to operate out of Williston to all points in the state.

In October 1948 the respondent, Ditsworth, secured from the City of Williston a license to operate a taxi service which is known as 1000 Cab Company.

The city licenses authorize both taxi concerns to operate within the City of Williston and not to exceed one mile beyond its corporate limits. Section 49–1803, 1949 Supp. to RCND 1943. In order to operate beyond one mile from city limits, taxicab concerns must have a special certificate of public convenience and necessity issued by the Public Service Commission pursuant to the provisions of Section 49–1810, 1949 Supp. to RCND 1943. After a hearing the Public Service Commission ordered the issuance of a special certificate authorizing the respondent to operate his taxi service to points and places not to exceed twenty miles in each direction from Williston. The appellants challenged this order in the district court and in this court they seek a review of the judgment by which the district court affirmed the order of the Public Service Commission.

The appellants argue that there are three reasons why the order of the Public Service Commission must be reversed. These reasons are: 1. public convenience and necessity do not require the proposed service; 2. that the service being rendered or that can be furnished by the appellants is reasonably adequate; 3. that the proposed service will create ruinous competition or will materially impair the existing service to the territory involved in the order of the Public Service Commission. The commission has determined the questions of fact involved in these three propositions adversely to the appellants. The appellants' position is based upon Section 49–1814 RCND 1943 which requires that the commission, before granting a certificate, shall take into consideration existing travel upon the route of the carrier, the increased cost of maintaining the highway concerned, the effect of other essential forms of transportation, and existing transportation facilities in the territory for which a certificate is sought. This section also provides: "In case it appears from the evidence that the service furnished or that could be

furnished by existing transportation facilities is reasonably adequate, the commission shall not grant such certificate."

The right of the appellants to seek a review of the order of the Public Service Commission derives from the Administrative Agencies, Uniform Practice Act, Chapter 28–32 RCND 1943. The scope of the review is prescribed by Section 28–3219 RCND 1943 as follows: "After such hearing, the court shall affirm the decision of the agency unless it shall find that such decision or determination is not in accordance with law, or that it is in violation of the constitutional rights of the appellant, or that any of the provisions of this chapter have not been complied with in the proceedings before the agency, or that the rules or procedure of the agency have not afforded the appellant a fair hearing, or that the findings of fact made by the agency are not supported by the evidence, or that the conclusions and decision of the agency are not supported by its findings of fact."

The appellants' argument deals exclusively with the sufficiency of the evidence to support the findings of the commission. "The courts do not have the jurisdiction, primarily, to decide administrative questions assigned to the public utilities commission for determination, and where such commission in its proceedings furnishes due process of law and there is substantial evidence to support the findings of the commission, the courts have no authority to substitute their judgment for that of the commission." Syllabus 3, In re Theel Brothers Rapid Transit Co., 72 ND 280, 6 NW2d 560. See also Great Northern Ry. Co. v. McDonnell, 77 ND 802, 45 NW2d 721.

The appellants now furnish taxicab service over and within the territory that would be served by the respondent under the contested certificate. The certificate authorizes a new and competitive service. The fact that a proposed service may duplicate an existing service does not require the denial of the certificate. Section 49–1808 RCND 1943 charged the Public Service Commission with the duty to supervise and regulate all common motor carriers and, among other things, required the commission to "4. Prevent substantial duplication of service between common motor carriers . . . ." By Chapter 272, SLND 1945,

Section 49–1808, 1949 Supp. to RCND 1943, paragraph 4 of that section was amended so as to require the commission to "Prevent unfair competition between common motor carriers . . . ." Thus substantial duplication of service alone no longer prevents the issuance of a certificate.

On the other hand, it must be borne in mind that under Section 49–1814 the commission is required to take into consideration the factors enumerated therein. Only these are important in this case, namely, existing transportation facilities and the adequacy of the service that is or could be furnished by those facilities.

Both taxicab concerns now render service in the City of Williston and to points up to one mile beyond the city limits under authority of city licenses. The appellants may also operate to any point in the state under a prior certificate issued by the Public Service Commission. The city is growing and its population has now reached about 8,000. The chief points of travel of taxicab passengers outside of the territory covered by the city licenses are the stockyards, Wright Airport, two night clubs, and the Lewis and Clark Irrigation Project. All of these points are within the limits of the respondent's proposed certificate.

Evidence as to the extent to which the convenience and necessity of the public requires the service covered by the contested certificate is sharply conflicting and involves the adequacy of the appellants' service as well. The respondent testifies that his cab line receives from two to ten requests per day for transportation which he is not able to fulfill under his city license. Confusion and inconvenience to the public frequently arises from the fact that upon answering a call for cab service, it is discovered that service is desired to a point more than one mile beyond the city limits of Williston. The appellant must then turn the passengers over to the respondents with the result of frequent inconvenience and delay to the passengers. Need for the additional service that would be afforded by respondent's taxicab line is indicated by the testimony of the proprietor of Wright Airport, the foreman of the Great Northern Stockyards, the manager of the Great Northern Hotel, and the president of the Williston City Commission.

8

The appellants testified that they furnish and continue to maintain reasonably adequate service; there have been no complaints about their service which has been adequate to all out-of-town points; and that they will put into operation additional equipment if it is needed. Their testimony is supported by that of Gordon Skaare, from whom they purchased the cab line, to the effect that in his opinion one taxicab can handle all of the out-of-town business that originates in the City of Williston. The witness's brother, Ivan Skaare, also gave the same opinion. The appellant, DuShane, testified that Williston was not large enough to support two taxicab lines, and that if the respondent's certificate is granted, one of the lines would be forced to cease operations. This testimony does not seem to be directly controverted by other witnesses, but it cannot be deemed conclusive in the face of the fact that the record shows that two taxicab lines are operating in Williston with at least some success. In the opinion of the President of the City Commission better service would result from the granting of a certificate to the respondent.

The amendment of Section 49–1808 RCND 1943, which we have heretofore noted, indicates an intention on the part of the legislature to depart from the policy of controlled monopoly in the field of transportation and permit motor carrier competition under the control of the Public Service Commission within the limits prescribed by the statutes. The most important factor of limitation is the adequacy of existing transportation facilities prescribed by Section 49–1814 RCND 1943.

Whether existing transportation facilities under the facts shown are or can be made reasonably adequate to meet the requirements of public convenience and necessity is primarily an administrative question. In re Hanson, 74 ND 224, 21 NW2d 341; In re Theel Brothers Rapid Transit Co., 72 ND 280, 6 NW2d 560; Yellow Cab Co. v Pennsylvania Public Utility Commission, 161 Pa Super 41, 54 Atl2d 301; Ruettger v. Pennsylvania Public Utility Commission, 164 Pa Super 388, 64 Atl 675; Texas Motor Coaches v. Railroad Commission, 59 SW2d 923, affirmed 123 Texas 517, 73 SW2d 511; Utah Light & Traction Co. v. Public Service Commission, 101 Utah 99, 118 Pac2d 683. When an

appeal from the Public Service Commission taken pursuant to the provisions of the Administrative Agencies, Uniform Practice Act, Chapter 28–32 RCND 1943, reaches the supreme court for review, it tries the case anew upon the record, not as an administrative body exercising administrative discretion but as a court exercising judicial powers. Great Northern Railway Co. v. McDonnell, 77 ND 802, 45 NW2d 721. The evidence in this case, while conflicting, sustains the determination of the Public Service Commission that the public convenience and necessity will be served by the granting of the respondent's application and that the service now rendered or that could be rendered by the appellants is not reasonably adequate.

The appellants further contend that if the respondent's certificate is issued the ensuing competition will have a disastrous effect upon appellants' cab line, and that as a result over-all service to the public will suffer. It appears that from 14 to 22 per cent in value of appellants' business results from out of town calls. Neither the Public Service Commission nor the trial court thought that dividing this business with a competing cab company would seriously interfere with the appellants' service or would decrease their earnings to a point that would require them to cease operations. The evidence is sufficient to sustain the determination of the Public Service Commission on this point. Upon the entire record we reach the same conclusion as did the trial court—that there is sufficient substantial evidence to support the findings and determination of the Public Service Commission. The judgment appealed from is therefore affirmed.

BURKE, SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.