Application of R. OLSEN OIL CO.

No. 34272. Dec. 18, 1951.

*239 P. 2d 415.*

Robinson, Shipp & Robertson, Oklahoma City, for appellants.

Logan Stephenson, F. C. Swindell, O. C. Lassiter, Earl Truesdell, and A. D. Mason, Tulsa, for respondents.

DAVISON, J. This is an appeal from an order of the Corporation Commission denying the application of R. Olsen Oil Company to reduce, from 160 acres to 40 acres, the size of a drilling unit in a certain gas field in Major county, Oklahoma. It grows out of a controversy between the Olsen Company on the one hand and Fordee Rhoades Oil Company and Mabee Petroleum Company on the other.

In the early part of 1947, the Olsen Company drilled a producing oil and gas well upon a 120-acre tract of land which it held under oil and gas lease and which comprised a quarter section of land exclusive of the southeast 40 acres thereof which was under lease to the Rhoades and Mabee Companies. The well was primarily a gas well. Shortly thereafter, and on April 1, 1947, the Corporation Commission, upon application of the Olsen Company, made and entered its Order No. 19888, wherein the well was determined to be a gas well and the drilling and spacing units, in a twelve section area, were fixed in size at 160 acres each. Said order further required the well in each unit to be drilled in the center of the southwest 40 acres thereof. The drilling and spacing unit herein involved consisted of the quarter section covered by the leases of the Olsen Company and of the Rhoades and Mabee Companies as above outlined. The order further provided:

"4. That this order applies only to the production of gas in the second Wilcox sand and that in the event oil is found in commercial quantities in this common source of supply, then this order shall not apply to the production of oil from said common source of supply."

After some 18 months of correspondence and conferences between the representatives of the three companies with reference to the payment of the cost of drilling the well and participation in the production thereof, the Corporation Commission, on January 4, 1949, upon application of Rhoades, ordered that the Rhoades and Mabee Companies take 1/4 of the 7/8 working interest in the oil and gas recoveries from the well and pay to Olsen 1/4 of the balance due, upon the cost of drilling the well and putting it into production, after crediting thereon the net value of recoveries of oil and gas from said well. On February 25, 1949, the Olsen Company, after refusing to accept the tendered check of Rhoades for the amount fixed in the order of the Commission, last above discussed, filed an application seeking a modification of the Commission's order No. 19888, first herein described, to effect a reduction in the size of the drilling units from 160 acres to 40 acres each. From the order denying that application, this appeal has been perfected.

The Olsen Company founds its right to the relief sought upon two grounds, to wit: that a reduction in the size of the drilling and spacing unit to 40 acres would tend to prevent waste, with which duty the Corporation Commission is charged; that the well on the unit under consideration is predominantly an oil well, and that, under such circumstances, the fixing of drilling and spacing units of more than 40 acres in size is prohibited by the terms of 52 O.S. 1947 Supp. §87.1, subs. (c), which, in part, provides:

"The Commission shall not establish well spacing units of more than forty (40) acres in size covering common sources of supply of oil the top of which lies less than 9,990 feet below the surface as determined by the original or discovery well in said common source of supply."

It must be borne in mind that this is not a proceeding wherein the applicant seeks an original order of regulation by the Commission, but, rather, is one wherein it was sought to modify a previous order. The original order was made upon application of, and evidence submitted by, the Olsen Company who now seeks the modification. The original application describes the well as a gas well. The order, based upon evidence, finds that it was such and both, application and order, are to the effect that the fixing of the size of the drilling and spacing units at 160 acres would assure the most complete and efficient development of the field. The evidence adduced at the hearing on the application for modification does not directly conflict with such conclusion except that one witness testified that he probably could secure the drilling of additional wells if the units were reduced to 40 acres per well.

Whether or not the efficient development of the field and the prevention of waste would be furthered by a change in the size of the drilling units is a question of fact to be determined from the evidence. So, too, is the question of whether the well was a gas well or an oil well. It produced both, as is customary with a majority of the wells in an oil or gas field. Its classification depended upon the relative quantities of each produced therefrom. This conclusion would not be altered by any interpretation placed upon subs. (e) of section 86.1, Title 52 O.S. 1947 Supp., defining the word "oil."

This court has always adhered to the rule that an order of the Corporation Commission will be affirmed if sustained by the law and substantial evidence. With reference to making such decisions, it was said in the case of Chicago, R. I. & P. Ry. Co. v. State, 126 Okla. 48, 258 P. 874, and repeated in the case of Peppers Refining Co. v. Corporation Commission, 198 Okla. 451, 179 P. 2d 899:

"That commission is presumed to be peculiarly experienced and fitted for that purpose, . . . having seen and heard the witnesses, and being in possession of data and information not obtainable by this court. . . ."

The effective date of 52 O.S. 1947 Supp. §87.1, subs. (c), supra ,was some four weeks after the making of the order No. 19888. However, neither the time of its passage nor the authority of the Commission to reduce the size of the drilling unit, if circumstances warrant, is questioned by the parties. Having reached the conclusion that the order of the Corporation Commission should be affirmed on other grounds, we need not here determine those questions.

The order is affirmed.

WELCH, CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.