THORNAL, Justice.
By a petition for a writ of certiorari we are requested to review an order of the respondent Commission in a common carrier stock transfer proceeding.
We must determine whether Section 323.-10(2) authorizes the Commission to declare abandoned because of dormancy a portion of a certificate held by a non-schedule, irregular route carrier of specified commodities.
Since 1953, Florida Tank Lines, Inc. has held a certificate of public convenience and *354 necessity authorizing it to transport cement and other similar commodities “between all points in Florida over irregular routes.” The petitioners Van Arsdale and Gernert, being the owners of all of the capital stock of Florida Tank Lines, Inc., propose to transfer the same to Redwing Carriers, Inc. They initiated a proceeding under Section 323.041, Florida Statutes, F.S.A., seeking approval of the stock transfer. The Commission finally approved the transfer, subject to a restriction against the transportation of cement from originating points in Hillsborough, Dade, Duval, and Flagler Counties “until the further order of this Commission.” It was the view of the Commission that since the record revealed that Florida Tank Lines, Inc., had not transported cement in bulk from points in the four counties for more than six months, there was a prima facie showing that its certificate had become dormant as to those points of origin. It concluded that the transfer should be subject to a restriction for dormancy to be finally concluded in a separate proceeding under Section 323.10(2), Florida Statutes, F.S.A. The Commission also appeared to have the view that it could not finally adjudicate the matter of dormancy in the transfer proceeding. Hence, it placed “a temporary limitation” against the certificate “until the procedures provided for in Section 323.041 [Sic] have run their course * * ” The reference should have been to Section 323.10(2).
The petitioners here contend that the respondent Commission has no power to declare a partial revocation of a non-schedule, irregular route certificate because of dormancy. It is also contended that there was no showing of dormancy in the instant case.
The respondent Commission, with the support of certain protestants, contends that the subject restriction is not a final adjudication of dormancy and that any consideration of the merits of the ruling would be, at this point, premature.
It is true that the subject restriction was announced by the Commission to be “a temporary limitation of authority.” The Commission also found that a prima facie showing of dormancy had been made but that the question would be finally adjudicated in a separate proceeding under Section 323.10(2), Florida Statutes, F.S.A. To the extent indicated the restriction has not become final. However, if the respondent has no power to declare a partial abandonment of the type of certificate before us, then even the temporary restriction announced in the transfer proceeding is a deviation from the essential requirements of the law. To that extent it is subject to review. Such a limitation could constitute a substantial impediment to the stock transfer negotiations. If the respondent Commission has no power under any circumstances to declare a partial abandonment of the so-called limited common carrier certificate there would seem to be no occasion to await the results of a separate proceeding before deciding the question. As we shall see, a separate proceeding is actually unnecessary.
It is important to have in mind the nature of the service rendered by Florida Tank Lines under its certificate. As pointed out above, it transports bulk cement and similar commodities over irregular routes when service is required by a particular shipper. It is not required to operate on specified schedules or between specific points and places. It could in some measure be analogized to charter service in the passenger field.
In the instant case there was no question but that Florida Tank Lines has maintained an adequate, well-equipped fleet of vehicles to meet every demand that has been made for its services. There is no question as to its financial stability or the efficiency of its operations. There was-testimony that for more than six months Florida Tank Lines had not transported bulk cement or other commodities under its-certificate from any points in Dade, Duval, Hillsborough or Flagler counties. How *355 ever, this was explained by the fact that competing carriers had contracts for moving cement out of the four counties, and that no request had been made on Florida Tank Lines to render such service in these counties. It is clear that Florida Tank Lines at all times stood ready, able and willing to render the service if a request therefor had been made by a shipper in any of the four counties involved. Nevertheless, the respondent Commission announced the view that this constituted a prima facie showing of dormancy. The lack of demand for the service was construed as a pro tanto abandonment of the certificate. We are compelled to disagree.
Referring to the so-called “temporary limitation” pending final disposition of the claim of dormancy in separate proceedings, we find that it was unnecessary for the Commission to delay its decision until a proceeding could be had under Section 323.10(2), Florida Statutes, F.S.A. Under the statute as formerly written, it was necessary that a declaration of dormancy be determined after a separate notice and hearing pursuant to a complaint or by the Commission on its own motion. University City Transfer Co. v. Florida Railroad Commission, 124 Fla. 308, 168 So. 413. As now written, pursuant to the amendments accomplished by Chapter 57-173, Laws of Florida 1957, the provisions regarding dormancy for failure to operate are self-executing and are subject merely to the entry of a mandatory order confirming the same. Greyhound Corp. v. Carter et al., Fla., 123 So.2d 697. There was no reason to require the separate proceeding. The Commission has the power to investigate and decide the question of abandonment because of dormancy in a certificate or stock transfer proceeding. We have so held when a certificate was being transferred. Seaboard Air Line Railroad Company v. King et al., Fla., 89 So.2d 246.
The respondent Commission further deviated from the essential requirements of law when it concluded that it had the power to place a partial restriction for dormancy against the subject certificate. It should be recalled that the restriction was for dormancy and for no other reason. The problem has its source in Section 323.10(2), Florida Statutes. It is there provided that when “any auto transportation company holding a certificate * * * has failed to operate without prior formal approval of suspension by order of the commission, for a period of six months, such certificate * * * is hereby declared to be dormant and abandoned * * (Emphasis added.) We have emphasized the key words in the quoted provision. Section 323.10(2) makes no provision for partial abandonment of the certificate of a non-schedule, irregular route carrier. We construe the words “has failed to operate” as requiring the complete or substantially complete abandonment of the carrier’s entire operation. We think this construction is justified by the type of service required to be rendered under the certificate as well as by the contrast evidenced by Section 323.10(1) governing the abandonment for dormancy of certificates of carriers operating on fixed schedules or over regular routes. As to this type of service the Legislature has provided for abandonment for dormancy where the carrier fails to operate “over any route or schedule or to any point or terminal for a period of six months.” As to the schedule, regular route carriers, the Legislature has provided that a particular route or schedule may be abandoned through dormancy.
As to other types of carriers, a complete failure to operate is required for the very obvious reason that the certificate does not require service over any particular route or upon any fixed schedule. It merely requires that the service be available whenever and wherever requested by a shipper in the territory.
We think our view is further supported by the contrast between Section 323,10, *356 Florida Statutes, as it existed prior to 1957 and as amended by Chapter 57-173, Laws of Florida, 1957. The former statute was much more comprehensive and made no distinction between the types of carriers and the types of service required by the different kinds of certification. It covered all common carriage and authorized a declaration of dormancy when a carrier “has failed to operate over any route or schedule or to any point or terminal for a period of 90 days.” Obviously, taking note of the difference between the service rendered by the regular route carriers and that rendered by the irregular route carriers, the Legislature enacted the 1957 statute which now recognizes the differences and makes entirely different provisions governing them.
We are led to the conclusion that the respondent Commission has no power to declare a partial abandonment for dormancy of the limited common carrier certificate to transport specified commodities over irregular routes and pursuant to no established schedule. As to such carriers dormancy arises when there has been a complete or substantially complete failure to operate under the certificate. .This could come about, for example, if such a carrier were to dispose of all of its equipment or consistently decline opportunities to render the service authorized by its certificate or when in any other fashion its entire operation becomes so inefficient or insufficient that it could be said to have abandoned its certificate. By asserting a power which it does not have the respondent Commission has deviated from the essential requirements of the law. The subject order is, therefore, quashed, the cause is remanded to the respondent Commission with directions to eliminate the improper restriction against the certificate in question.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS and DREW, JJ., concur.