385 P.2d 978

E. S. BENNETT, as Executor under the Last Will and Testament of M. B. Bennett, Deceased, d/b/a Bennett's Transportation Company, Plaintiff-Appellant,

v.

STATE CORPORATION COMMISSION, Ingram B. Pickett, John Block, Jr., and G. Y. Fails, members of said Commission, Defendants-Appellees,

v.

STEERE TANK LINES, INC., Whitfield Tank Lines, Inc., Whitfield Transportation, Inc., Navajo Freight Lines, Inc., Red Ball Motor Freight, Inc., and E. B. Law & Son, Inc., Intervenors-Appellees.

No. 7258.

Supreme Court of New Mexico.

Sept. 16, 1963.

Rehearing Denied Nov. 6, 1963.

Gilbert, White & Gilbert, Sumner S. Koch, William Booker Kelly, Santa Fe, for appellant.

Earl E. Hartley, Atty. Gen., J. E. Gallegos, Asst. Atty. Gen., Santa Fe, for State Corporation Commission.

O. Russell Jones, Edwin E. Piper, Jr., Richard T. Whitley, Santa Fe, for intervenors-appellees.

NOBLE, Justice.

This appeal requires us to review an order of the State Corporation Commission revoking the authority of Bennett's Transportation Company (hereinafter referred to as Bennett), a non-scheduled carrier over irregular routes, to transport certain commodities because of a finding by the commission that its authority to transport such commodities is dormant.

An application by one Paul Miesner to transfer to him that part of Bennett's permit which it was claimed authorized transportation of petroleum products, led to protests by other carriers, pursuant to which the state corporation commission issued its order directing Bennett to show cause why its certificate should not be amended or cancelled. At the hearing Miesner withdrew his application. Whether the permit authorized the hauling of petroleum products is not an issue on this appeal and was not specifically determined by the commission.

We must determine whether § 64–27–12, N.M.S.A.1953, authorizes the commission to amend a certificate held by a non-scheduled, irregular-route carrier, as to those commodities not regularly hauled.

Bennett has maintained a terminal at Raton, New Mexico, and has been engaged in the hauling of commodities since 1913 under a certificate of convenience and necessity authorizing it to haul commodities subject to the following:

" 'Restricted to hauls where such hauls will not interfere with the impairment of efficiency of regualr route and scheduled common carriers, Raton and all points, and no haul to be made without first having obtained authority from the State Corporation Commission.' "

The commission entered an order amending Bennett's permit and restricting its authority to:

"Transportation of household goods between Raton, New Mexico, on the one hand, and points and places in New Mexico, on the other."

Suit in the district court pursuant to § 64–27–68, N.M.S.A.1953, to vacate the order

of the commission followed, which resulted in affirmance of the order by the district court. This appeal resulted.

The order of the commission is based upon its finding No. 7:

"7. That the only commodity transported by the certificate holder, in any substantial quantity, since 1945, consists of uncrated household goods, and that the authority to transport any other commodity is dormant and should be cancelled accordingly."

The commission's finding and order based thereon requires us to determine the existence of the commission's authority to revoke the permit pro tanto because of a claimed dormancy in the use of the permit. Transcontinental Bus System v. State Corporation Commission, 67 N.M. 56, 352 P.2d 245; Ferguson-Steere Motor Co. v. State Corporation Commission, 63 N.M. 137, 314 P.2d 894.

Review by the district court, and by this court on appeal, is limited to questions of law, and is restricted to whether the commission's findings and order were supported by substantial evidence; were within the scope of its authority; and, whether the action was unlawful, arbitrary, capricious or unreasonable. Sec. 64–27–68, N.M.S.A.1953; Kelley v. Carlsbad Irrigation Dist., 71 N.M. 464, 379 P.2d 763; Johnson v. Sanchez, 67 N.M. 41, 351 P.2d 449; Durand v. Carlsbad Irrigation Dist., 71 N.M. 479, 379 P.2d 773.

We first examine the commission's authority to enter the order complained of. Sections 64–27–12 and 13, N.M.S.A.1953, are claimed as granting the commission power to so amend or revoke a certificate. Section 64–27–12 provides:

"*The holder of a certificate shall render reasonably continuous and adequate service to the public,* and no common or contract motor carrier operating under the laws of this state shall abandon or discontinue any service established under the laws of this state unless the commission shall have first entered its order approving such proposal to abandon or discontinue service." (Emphasis added.)

It is claimed that non-user or only occasional transportation of commodities other than household goods amounts to a failure of the carrier to "render reasonably continuous * * * service" and authorized the pro tanto revocation of the permit as to such commodities under provisions of § 64–27–13, N.M.S.A.1953. We are compelled to disagree. It is to be noted that in this case the pro tanto revocation of the permit was for dormancy alone. On that question, the nature of the service authorized to be rendered by Bennett under his certificate is important. The certificate only authorized transportation of commodities over non-scheduled and irregular routes when his service is required by a shipper. He is neither required nor permitted to

operate on specified schedules nor between specific points or places.

The italicized portion of the statute, supra, was included by amendment of the 1959 legislature. Prior to the amendment we said in Musslewhite v. State Corporation Commission, 61 N.M. 97, 295 P.2d 216 that:

> " * * * mere non-user by the holder of a certificate authorizing non-scheduled service over irregular routes does not constitute either abandonment or discontinuance of service by a certificate holder shown to be at all times fully *equipped, ready, able and willing to operate. * * * *"* (Emphasis added.)

See also Bekins Van and Storage Co. v. State Corporation Commission, 65 N.M. 423, 338 P.2d 1055.

██ The commission asserts that the amendment had the effect of changing the rule of Musslewhite and Bekins. We think not. As applied to a non-scheduled carrier operating over irregular routes, it only broadened the commission's authority by granting it power to revoke the permit of such carrier for failure to render reasonably adequate service to the public. The amendment, however, is to be given a prospective effect. Board of Education v. Boarman, 52 N.M. 382, 199 P.2d 998; Davis v. Meadors-Cherry Co., 65 N.M. 21, 331 P.2d 523. No evidence of Bennett's failure to render reasonably adequate service after the effective date of the amendment has been pointed out to us. Motor carriers who furnish transportation of commodities upon the call and demand of the shipper to a wide territory and over irregular routes perform a very useful service to the public. Northeastern Lines, Inc., Common Carrier Application, 11 Interstate Commerce Commission, Motor Carrier Cases, 179, 183. There is, however, an obvious difference in the requirements imposed upon a carrier who operates on fixed schedules and over regular routes and those non-scheduled carriers operating over irregular routes. Van Arsdale v. King, Fla., 149 So. 2d 353. Likewise, there is a marked difference as to what constitutes abandonment or dormancy of certificates of the two types of carriers. It may well be that, as to scheduled, regular route carriers, the legislature, by the amendment, provided that a particular route or schedule may become dormant through non-use. It is quite clear to us that the same rules cannot apply to a carrier authorized to operate non-scheduled service over irregular routes, for the very reason that such a carrier is not required to operate upon any fixed schedule or to transport to any particular place or over any regular route. All that is required is that such service be available whenever requested by a shipper. Van Arsdale v. King, supra; W. D. Rubright Co. v. Pennsylvania Public Utilities Com-

**130**

mission, 197 Pa.Super. 242, 177 A.2d 119. The Supreme Court of Nebraska adopted a similar test in Application of Neuswanger, 170 Neb. 670, 104 N.W.2d 235, when it said that the carrier must be "fit, willing, and able to perform the service proposed."

We hold that the 1959 amendment to § 64–27–12, supra, did not change the test of Musslewhite and that the test of abandonment of a certificate by a non-scheduled carrier operating over irregular routes applies with equal force to whether such permit has been allowed to become dormant. We paraphrase the test in Musslewhite as it applies to dormancy. Mere non-user or only occasional user by the holder of a certificate authorizing non-scheduled service over irregular routes does not constitute dormancy of service by a certificate holder who is shown at all times fully equipped, ready, able and willing to operate. Non-user, plus inability to operate, or refusal to accept business, or non-compliance with a proper order of the corporation commission might amount to dormancy, abandonment or discontinuance of service, which would authorize an amendment to or revocation of a permit.

Having determined that both the commission and the district court applied an erroneous legal principle in determining the commission's authority, it becomes unnecessary for us to determine whether the evidence substantially supports the com-mission's finding. Crist v. Town of Gallup, 51 N.M. 286, 183 P.2d 156.

It follows that the judgment appealed from must be reversed and the cause remanded with instructions to vacate the judgment and to enter a new judgment not inconsistent with what has been said.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.