Application of GUYE LINE TOURS, Inc., et al.
No. 7254-CCB.

Florida Public Utilities Commission.
October 23, 1964.

James F. Minnet, Fort Lauderdale, for the joint applicants.

William P. Simmons, Jr., Miami, for Gray Line Tours of Fort Lauderdale, Inc., protestant.

Chairman EDWIN L. MASON, Commissioners JERRY W. CARTER and WILLIAM T. MAYO each participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to statutory notice, the commission by its duly designated examiner, William L. Weeks, held a public hearing on this application on March 30, 1964 in the State Office Bldg., Miami.

The examiner's report and recommended order were duly served on all the parties. No exceptions were filed. The entire record herein, including the application and the testimony adduced at the public hearing have all been examined by the full commission. After due consideration, the commission now enters its own order in this cause.

This is a proceeding under section 323.041, Florida Statutes, seeking approval of the transfer from Leo W. Guye and Dorothy P. Guye, his wife, to Richard Schwartz, of 100% of the capital stock of Guye Line Tours, Inc., constituting the entire outstanding capital stock of said company, which holds certificate of public convenience and necessity no. 695, authorizing the transportation in common carriage of passengers on a circular sightseeing tour in Broward County originating and terminating in Pompano Beach covering specific points on a single route.

Notice of the filing of the joint application was served by the commission pursuant to the foregoing statute and a protest was filed by Gray Line Tours of Fort Lauderdale, Inc., protestant herein, on the ground that said certificate has been dormant for more than six months and should be cancelled in the manner provided by law.

The facts in this case are not in dispute. The certificate was issued on November 20, 1961 (order no. 5286) upon the finding by this commission of public convenience and necessity. From its inception the applicant Guye submitted mileage tax reports until January, 1964, although admittedly during the entire period applicant was only able to generate a small amount of traffic, to wit: three tours were conducted in each of the months of January, February and March, 1962. Then in June, 1962, applicant was permitted to suspend operations for six months, i.e., until December 26, 1962. On December 19, 1962, applicant Guye advised the commission that he was ready to resume operations in a station wagon. Thereafter, applicant Guye obtained from this commission a cab card for said vehicle and filed with the commission the required insurance and monthly mileage tax reports. The transferors testified that since the end of the referred to six months' suspension period they had solicited business but without success. It is uncontradicted though that for more than fifteen months prior to the hearing there have been no operations and no suspension order in effect.

In July or August of 1963, the transferors advertised for a sale of the business and as a result, Richard Schwartz, who is the joint applicant, responded in connection with that proposed sale.

The crux of this particular proceeding and protest concerns itself with the issue of whether or not the applicant Guye per-

mitted his certificate to become dormant. On behalf of the joint applicants, it is contended that they had not permitted the certificate to become dormant because they had held out to the public their willingness to render the service, but they were unable to generate any business.

Two statutes have application to the issue in this cause. Subsection 323.041(3) provides that upon hearing of a protested transfer application the commission may approve it only as follows —

" . . . if the commission finds and determines that such sale, assignment, or transfer, is not contrary to the public interest, and that the certificate has not been dormant for more than six months . . . . "

Subsections 323.10(1), (2) and (3) require a certificate to be cancelled because the carrier "has failed to operate" for a period of six months "without prior formal approval of suspension by order of the commission."

The case of Van Arsdale v. King, 149 So. 2d 353 (Fla. Sup. Ct. 1963), holds as follows:

"The commission has the power to investigate and decide the question of abandonment because of dormancy in a certificate or stock transfer proceeding. We have so held where a certificate was being transferred. Seaboard Air Line Railroad Company v. King et al, Fla., 89 So. 2d 246." (Page 355 of 149 So. 2d.)

The language in the case was to the effect that there was no dormancy because "Florida Tank Lines at all times stood ready, able and willing to render the service if a request therefor had been made by a shipper in any of the four counties involved." (Page 355 of 149 So. 2d.)

Here we have a parallel situation. Guye Line Tours, Inc. has at all times according to the testimony stood ready, able and willing to render the service if a request therefor had been made. Guye Line Tours, Inc. advertised, continued to file mileage tax reports with the commission, contacted hotels and motels in the area to advise them that this service was available and has never "abandoned" its attempt to operate as a carrier of passengers for sightseeing tours.

It is the opinion of this commission that in light of the Van Arsdale case, to prove dormancy, one must prove abandonment. Guye Line Tours, Inc. had "operated" to the fullest extent which was reasonable under the circumstances. Had a ticket for a tour been purchased Guye Line Tours, Inc. was ready, willing and

able to perform the service. Therefore, it is the opinion of this commission that Guye Line Tours, Inc. has not abandoned its operations and, therefore, its certificate was not dormant.

After due consideration and being fully advised in the premises, it is therefore ordered that the joint application of Leo W. Guye and Dorothy P. Guye, his wife, and Richard Schwartz, for approval of the transfer from Leo W. Guye and Dorothy P. Guye, his wife, to Richard Schwartz, 1229 Polk Street, Hollywood, Florida, of 100% of the capital stock of Guye Line Tours, Inc., constituting the entire outstanding stock of said company, be and the same is hereby approved.

Chairman MASON dissents.