**Newell DODDS, Plaintiff in Error,**
**v.**
**L. O. WARD, Defendant in Error.**
**No. 41460.**

Supreme Court of Oklahoma.

Aug. 2, 1966.

Rehearing Denied Sept. 27, 1966.

Charles G. Huddleston, of Otjen, Carter, Huddleston & Otjen, Enid, for plaintiff in error.

Ferrill H. Rogers, Oklahoma City, for Corporation Commission.

Brown, Verity & Brown, Oklahoma City, for defendant in error.

HALLEY, Chief Justice.

This is an appeal by Newell Dodds from an Order of the Corporation Commission entered after proceedings were initiated there by L. O. Ward for the purpose of obtaining an increased allowable for the No. 1 Beasley well located in the NE/4 of the SW/4 of Section 28, Township 23 North, Range 6 West, I.M., Garfield County, Oklahoma. The parties will be referred to herein by the use of their respective names. Dodds is the owner of an undivided 20 acre mineral interest under the entire SW/4, and before these proceedings were commenced, Ward obtained an agreement from all the other owners of royalty under the SW quarter, except Dodds, not to demand the drilling of another well on the quarter section (which was subject to an 80 acre drilling and spacing order) in the event that Ward should be successful in obtaining an increased allowable for the No. 1 Beasley well.

Pertinent portions of the findings and order of the Commission are as follows:

1. That this is an Application of L. O. Ward for an allowable to be produced from the No. 1 Beasley well located in the NE/4 of the SW/4 of Section 28, Township 23 North, Range 6 West, Garfield County, Oklahoma, from the Mississippi Lime formation.

2. That by Order No. 57076 80-acre drilling and spacing units have been established in this area for the production of oil and gas from the Mississippi Lime, and the SW/4 of Section 28 constitutes two of said units; that by Order No. 56283 the No. 1 Beasley is the permitted well for the unit on which it is located, and it is the testimony in this cause that the entire SW/4 of Section 28 is underlain by productive Mississippi Lime; that one well will drain the recoverable oil therefrom, and the No. 1 Beasley is capable of producing in excess of two allowables.

3. That in the interest of securing the greatest ultimate recovery of oil from the pool, the prevention of waste, and the protection of correlative rights, this application should be granted, effective as of November 4, 1964.

The Commission then granted Ward an allowable from the Mississippi Lime for the No. 1 Beasley well at the rate of 180% of the current allowable for wells in the pool,

so long as there is only one well completed in the formation in the SW/4 of Section 28, and Ward was further permitted to produce said well on such basis from and after November 4, 1964, and to produce any underage that may have accumulated to said well on such basis from the date of November 4, 1964.

Dodds appeared in opposition to Ward's application before the Commission, and now appeals from the Commission's Order, presenting five propositions.

■ The first is to the effect that the order is in violation of the statutes of Oklahoma limiting the spacing of oil wells to eighty acres. In support thereof, he refers to 52 O.S. 1961, § 87.1(c) which provides:

"The Commission shall not establish well spacing units of more than 80 acres in size covering common sources of supply of oil the top of which lies less than 9,990 feet and more than 5,000 feet below the surface as determined by the original or discovery well in said common source of supply."

He argues that since the depth of the well concerned herein was shown to be 6,668 feet, that it is brought squarely within the statutory limitation.

We cannot agree. By the terms of the Commission's Order No. 56283, the No. 1 Beasley is a "permitted" well, and as such an exception, the Commission may follow the provisions of 52 O.S. 1961, § 87.1(b), the last sentence of which is as follows:

"Whenever such an exception is granted, the Commission shall adjust the allowable production for said spacing unit and take such other action as may be necessary to protect the rights of interested parties."

The exception granted by the Commission to the No. 1 Beasley well is not questioned by Dodds, and is in accord with the general practice of the Commission, having been granted, as is pointed out by the evidence, by the proximity of the land in question to the city of Enid in an area built up, to an extent, by substantial homes.

Since the No. 1 Beasley well was an "excepted" well as outlined above, the Commission was authorized by the last sentence of Sec. 87.1(b) quoted above, to "adjust the allowable production" for the spacing unit in which it is located.

Dodds, for his second proposition, asserts that his correlative rights have been violated, that this constitutes a violation of due process, contravenes Article I, Section 10 of the Constitution of the United States, the Fourteenth Amendment of the Constitution of the United States, and Article II, Sections 2, 7, 15 and 23 of the Constitution of the State of Oklahoma.

■ As stated in the case of Kingwood Oil Company v. Corporation Commission, Okl., 396 P.2d 1008, the term "correlative rights" has been defined as follows:

"The term 'correlative rights' has been defined as a convenient method of 'indicating that each owner of land in a common source of supply of oil and gas has legal privileges as against other owners of land therein to take oil and gas therefrom by lawful operations conducted on his own land, limited, however, by duties to other owners not to injure the source of supply and by duties not to take an undue proportion of the oil and gas.' "

In the Kingwood case, supra, we went ahead and stated that under the definition above, we found no guarantee as to the number of wells to be drilled, or as to the relative rates at which each owner is entitle to deplete his share of the reserve. The right of an individual owner to take oil and gas from the reservoir in lawful operations is limited only by a duty to other owners (1) not to injure the source of supply and (2) not to take a disproportionate part of the oil and gas. The facts herein do not support an argument as to injury of the source of supply. Evidence was before the Commission to the effect that in the quarter sections surrounding the No. 1 Beasley well, twelve other wells were producing and each of them was being operated on an 180% allowable. From this it must be assumed that

there was no unfair drainage. Each 160-acre tract was receiving the indentical allowable.

The argument of constitutional violation is not impressive. No authority, except general quotes from the section of the state and federal constitution cited above, are cited. The phrase "due process" has a well defined meaning. See Kiespert v. Jenkins, Okl., 324 P.2d 283, wherein this Court held:

"By due process of law is meant an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief."

The briefs before us do not reveal any essential element of due process which is lacking in this case.

Dodds nexts contends that the order violates the rules, regulations and policies of the Commission. He states that it has been the policy of the Commission that "allowables in all allocated pools shall be granted on an individual well basis. The operators shall produce the allowable of each well from that well and no part thereof from any other well." This is similar to the argument that was made in the Kingwood case, cited above, which we did not find persuasive there, nor do we find it persuasive here. As stated in Kingwood, supra, we said:

"This argument would be persuasive if our statutes required the proration of oil to be on a 'per well' basis with no other factors to be considered, but as we have seen, this is not the case. The Commission's authority to 'adjust the allowable production' for a spacing unit is clear. We find similar provisions in the Commission's own rules * * *."

The order under review does not violate the rules or regulations of the Commission. It established an allowable for the No. 1 Beasley well and for no other well. It does not permit the production of any portion of the allowable for the No. 1 Beasley from any other well.

Dodds, for his fourth proposition, maintains that the Order is not supported by substantial evidence as required by law. A careful reading of the casemade leads us to the opposite conclusion. The Commission had before it substantial evidence upon which to base the order. We are committed to the rule that an order of the Corporation Commission will be affirmed if sustained by law and substantial evidence. In fact, as is stated in the case of Wilcox Oil Company v. Corporation Commission, Okl., 393 P.2d 242, on page 245, this Court is limited in its power to review an order of the Corporation Commission, as our power can extend no further than to determine whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence. See also the Kingwood case, supra, Application of R. Olsen Oil Company, (two cases) 205 Okl. 498, 239 P.2d 415 and 417. See also our opinion in the case of Crews v. Champlin Oil & Refining Company, Okl., 413 P.2d 508. We so hold and find here that the order of the Commission is sustained by the law and by substantial evidence.

The last contention of Dodds is that the order of March 17, 1965 is invalid as it is a retroactive order. The hearing of the Commission on this matter was held on November 4, 1964 and the Order in question was issued on March 17, 1965, and as stated above, the Order allowed the production to be placed at the 180% level as of November 4, 1964. With Dodds conclusion, we do not agree. Had the order, as issued, attempted to set the 180% allowable as becoming effective at a date prior to November 4, 1964, there would be merit to the contention of Dodds. As it was, the Order merely established the status of the allowable, as of the date of the hearing. We find nothing improper in this connection. The authorities offered by Dodds in support of this point are not applicable, as they either deal with well spacing or with the cost of production

and the allocation thereof, neither of which is an issue herein.

The Order of the Corporation Commission is affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.

IRWIN, J., concurs in result.