DREW,. Justice.
The petitioner controverts an order of the respondent commission transferring certificates of authority for transportation of passengers between designated points in Broward and Dade Counties.
Proceedings were initiated by applications filed by Gray Line Tours and Brow-ard Transit Co. seeking transfer of their certificates to Gray Line of Fort Lauder-dale, Inc. Petitioner Turfway Lines con *432 tested the transfer on the grounds of dormancy itnder F.S. Sec. 323.10(1), F.S.A.[1]
The order of the commission, as amended, finds that the certificates cover regular route transportation hut that authority thereunder had become dormant only as to service to specified dog tracks and the Miami International Airport. The controversy in this Court relates to the finding, applicable to service of Gray Line Tours to Hialeah, Tropical Park, and Gulfstream horse race tracks, that there had been no abandonment and transfer should be permitted because “ * * * the record shows that the -service has not been during recent years over the precise routes specified in the original orders of this Commission issued many years ago when the services originated. Changes have been made as new highways have been developed in the area, and it is apparent that the new routes have been consistent with the public interest in affording service over the safest and most convenient or fastest means of bus travel. The certificate holders have continued to serve the points specified in their authority; that is, they have at all times served the cities on the one hand and the race tracks on the other as designated in their authority. The failure to follow the precise'routes prescribed may not serve to defeat the transfer of the certificates involved. * * * ”
The statute clearly contemplates that failure to operate or serve a particular part of the geographic designations in a certificate shall constitute abandonment of that part.[2] The route variation in this case, however, amounted only to a technical departure. The record evidence sustains the finding that all authorized points of origin were served. Under the circumstances the commission properly concluded that there had been no abandonment of the certificates in question.
We find, upon consideration of this and other contentions of petitioner, no departure from the essential requirements of law.
Certiorari denied.
THORNAL, C. J., and O’CONNELL, CALDWELL and ERVIN, JJ„ concur.

. “(1) Whenever it shall appear that any auto transportation company, holding a certificate of public convenience and necessity for the transportation of persons or property on fixed schedules, or over regular routes, has failed to operate, without prior formal approval of suspension by order of the commission, over any route or schedule, or to any point or terminal for a period of six months, such certificate is hereby declared to be dormant and abandoned * *

. Cf. Van Arsdale v. King, Fla.1963, 149 So.2d 353.