EKLUND BROTHERS TRANSPORT, INC.,
Complainant and Appellant,

v.

Richard J. THOMPSON, Bruce Hagen, and Ben J. Wolf, as Members of the North Dakota Public Service Commission, Helgi Johanneson, as Attorney General of North Dakota, and Associated Truckers, Inc., Respondents.

No. 8303.

Supreme Court of North Dakota.

Nov. 22, 1966.

**614**

Wheeler & Daner, Bismarck, for complainant and appellant.

Helgi Johanneson, Atty. Gen., and Norton M. Hatlie, Commerce Counsel, Bismarck, for respondent Public Service Commission.

John R. Davidson and Frederick E. Whisenand, Jr., Williston, for respondent Associated Truckers, Inc.

STRUTZ, Judge. (On reassignment).

This appeal requires us to review an order of the North Dakota Public Service Commission, hereinafter referred to as "Commission," amending Special Motor Carrier Certificate No. 685 issued to the respondent Associated Truckers, Inc., hereinafter referred to as "respondent," to exclude authority to transport water and crude oil, in tank vehicles, upon the ground that such authority was dormant because of nonuse. The facts, briefly stated, are as follows:

Eklund Brothers Transport, Inc., hereinafter referred to as "appellant," is the holder of a special motor carrier certificate authorizing it to transport water and crude oil in bulk, in tank vehicles, in certain designated areas of the State of North Dakota. The respondent is the holder of Special Common Motor Carrier Certificate No. 685, which authorizes the respondent to transport oil and drilling equipment, parts, and supplies in the same area covered by the appellant's certificate. The respondent's certificate was issued in 1956.

Between 1956, when the respondent's special certificate was issued, and January 1963, the respondent did engage in transporting equipment, parts, and supplies. But the service rendered by the respondent did not include the transportation of water and crude oil to drilling sites. Early in 1963, there was a change in the control and management of the respondent corporation. At that time, the respondent began to exercise its authority to transport water and crude oil to drilling sites. More than one year later, the appellant commenced this proceeding before the Public Service Commission to amend the respondent's Special Common Motor Carrier Certificate No. 685 to expressly exclude the transportation of water and crude oil in tank vehicles.

The Commission, after hearing, held that, while the respondent's certificate No. 685 did authorize it to transport water and crude oil in bulk to oil- and gas-drilling sites, the failure on the part of the respondent to exercise this authority from the date of issue of its certificate to 1963, by which time the appellant and others had invested in equipment and facilities to provide such service, resulted in the authority of the respondent to transport water and crude oil in bulk to drilling sites becoming dormant because of nonuse.

The respondent thereupon took an appeal to the district court of Williams County from the order of the Commission, so amending its certificate No. 685 to specifically exclude authority to transport water and crude oil in bulk. After hearing on such appeal, the district court affirmed that portion of the Commission's order which held that the respondent's special certificate No. 685, as issued, did include authority to transport water and crude oil to oil- and gas-drilling sites. But the district court reversed the Commission's ruling that such authority had become dormant because of nonuse. The appeal now before us is from that portion of the Commission's order holding that portion of the respondent's certificate authorizing transportation of water and crude oil to be dormant.

An appeal to the district court from an order of the Commission is an appeal from the determination of an administrative agency. On this appeal, the district court heard the matter without a jury, and the evidence considered by the court was confined to the record made before the Commission. Sec. 28–32–19, N.D.C.C.

■ On appeal from a decision of the Public Service Commission under the Administrative Agencies Practice Act, Chapter 28–32, North Dakota Century Code, the district court must review the evidence in the record certified from the Commission to determine whether the findings of fact made by the Commission are supported by the evidence and whether its decision is in

accordance with the law. Burkhardt v. State, 78 N.D. 818, 53 N.W.2d 394; Northern Pacific Railway Co. v. Anderson (N. D.), 95 N.W.2d 582.

■ The trial court reversed the decision of the Commission. On appeal to this court from such reversal, it becomes necessary for us to determine whether the findings of the Commission are supported by the evidence and whether the conclusions are supported by the findings and are in accordance with the law. In re Application of Ditsworth, 78 N.D. 3, 48 N.W.2d 22; Burkhardt v. State, 78 N.D. 818, 53 N.W.2d 394; Northern Pacific Railway Co. v. Anderson (N.D.), 95 N.W.2d 582.

On the question of whether the authority of the respondent to transport water and crude oil to oil-and gas-drilling sites became dormant because of nonuse, the record discloses that the complainant, the appellant here, introduced evidence at the time of the hearing before the Commission to show that this authority was not, in fact, dormant. The hearing before the Commission was held on April 22, 1964. As part of the complainant's case, the appellant called the president of the respondent company as its own witness. He was asked the following question:

"Since you took over the operation of Associated Truckers, Inc., have you been actively engaged in the solicitation of crude oil and water movement in tank vehicles?"

To this question the witness replied:

"Yes."

Since this witness took over as president of respondent early in 1963, the record shows that, for approximately fifteen months, respondent had been exercising its authority to transport drilling equipment and supplies, including water and crude oil. The Commission's order finding such authority to be dormant because of nonuse was dated November 16, 1964, or almost twenty-two months after the record discloses that

this authority was being exercised to its fullest.

Section 49–18–17, North Dakota Century Code, provides that no motor carrier with authority to operate shall abandon or discontinue any service without an order of the Commission. The record fails to show that any such order was ever issued.

Respondent was the holder of a special motor carrier certificate. As holder of such special certificate, its authority was not to furnish regular service over regular routes. The certificate held by respondent is a special certificate which, under our statute, defines the holder as "a common motor carrier operating over irregular routes, not on schedule time, at the will and command of the shipper". Sec. 49–18–01(7), N.D. C.C.

The record is void of any evidence showing that there had been a demand for any service in transporting of water and crude oil prior to 1963, or that any demand had ever been made upon the respondent for service of transporting water and crude oil prior to 1963, yet the Commission found this authority to render this service to be dormant because of nonuse. Unless there is a demand for such service by a prospective shipper, failure to exercise the authority does not amount·to nonuse of the authority given to a special certificate holder, under the above statute. The record is void of evidence of even one instance in which the respondent refused to provide

such service on demand. Thus there is no evidence of a nonuse which amounted to an abandonment of this service.

It has been held that mere nonuse by the holder of a certificate authorizing nonscheduled service over irregular routes does not constitute dormancy by such special certificate holder. Bennett v. State Corporation Commission, 73 N.M. 126, 385 P.2d 978.

It is true that the record does disclose that a part of the service which the respondent was authorized to render was not furnished prior to 1963. But the record fails to show that the service was ever demanded of the respondent or that such service was ever refused. Thus the record discloses no willful refusal to render the service.

A careful review of the record reveals that the evidence is not sufficient to sustain the determination of the Commission's finding of an abandonment of service, or that special certificate No. 685 was, in any part, dormant. Therefore, the judgment of the district court is affirmed. It is so ordered.

TEIGEN, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.