In re Joint Application of C. L. FOWLER dba Fowler Transport Service, Transferor, and Becker & Sons, Inc., Transferee, for Authority to transfer Permit No. 15024, Class "B" Freight, Interstate, Intrastate, Common Carrier, Motor Carrier Service, for the transportation of Petroleum Products, in bulk and in containers, to and from all points in the State of Oklahoma.

GROENDYKE TRANSPORT, INC., Hugh Breeding, Inc., and Earl Bray, Inc., Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 42983.

Supreme Court of Oklahoma.

June 8, 1971.

Rehearing Denied July 13, 1971.

Miller, Melone, Wilson, Adams & Spencer, George Miller, Melvin J. Spencer, Oklahoma City, for plaintiffs in error Groendyke Transport, Inc., Hugh Breeding, Inc. and Earl Bray, Inc.

Robert L. Mills, Asst. Gen. Counsel, Corporation Commission, Oklahoma City, for defendant in error.

Morgan, Dykeman & Williamson by Dean Williamson, Oklahoma City, Francis & Francis, Topeka, Kan., for transferee Becker & Sons, Inc.

R. H. Lawson, Oklahoma City, for transferor C. L. Fowler, d/b/a Fowler Transport Service.

DAVISON, Vice Chief Justice.

This is an appeal by Groendyke Transport, Inc., Hugh Breeding, Inc., and Earl Bray, Inc., (herein referred to as Protestants), from an order of the Corporation Commission of the State of Oklahoma, approving the transfer of a Class "B" Motor Carrier Permit from C. L. Fowler, dba Fowler Transport Service (Fowler) to Becker & Sons, Inc., (Becker), and denying Protestants' motion to revoke such permit.

The permit was for transportation of petroleum and petroleum products in bulk and in containers, to and from all points in the State, and had been owned by Fowler for about five years. Fowler first filed an application to transfer the permit to Fowler Transport Service, Inc. Protestants filed a motion to cancel the permit on the ground that Fowler had violated certain rules of the Commission relative to suspending and discontinuing service without permission of the Commission. Fowler and Becker later filed an amended joint application to transfer the permit to Becker.

The matter was assigned to a referee for hearing and he found, among other things, that Fowler had not carried on any operations in Oklahoma during his ownership of the permit, except that he had carried on operations of hauling for more than 120 days prior to the filing of the amended application as required by the Commission rules. The referee further found that Fowler had equipment and was willing and able to operate, and had sought business, and that Fowler had insurance and tariffs on file and had purchased decals. The referee recommended transfer of the permit. This referee's report was approved by the Commission, and its order denied protestants' motion to revoke the permit, and approved the transfer and issuance of a permit to Becker.

Protestants urge that Fowler violated rule 9 of the Commission by suspending service without prior authorization of the Commission, and violated rule 11 by discontinuing service for more than five days without notice to the Commission, and by non-use for more than thirty days after date of issue without an extension, and

that the permit was thereby subject to forfeiture.

The evidence reflects that Fowler held a similar permit in Kansas and had operated by hauling petroleum products in tank trucks in Kansas for some time; that Fowler bought the permit in Oklahoma with the plan that his son would move into Oklahoma to handle business here, but that the son's wife died leaving two boys and it was decided the son would not move to Oklahoma; that business had been sought in Oklahoma by personal solicitation and by handing out business cards; that he had a representative in Oklahoma City for prospective customers to contact; and that he had trucks in Kansas available for hauling in Oklahoma, but no business had been acquired other than that during the more than 120 days prior to filing the amended application to transfer the permit to Becker. Fowler's testimony emphasized that he was at all times equipped, ready and willing to operate under the permit.

We point out that in the instant case the situation is that of a permit for operation of a non-scheduled service over irregular routes as distinguished from a carrier operating on fixed schedules over regular routes.

We believe the discussion and conclusion in Bennett v. State Corporation Commission, 73 N.M. 126, 385 P.2d 978 (relied upon by the referee in his report) is applicable to the present situation. In that case the amended statute prohibited a motor carrier from abandoning or discontinuing service unless the Commission first approved the proposal to abandon or discontinue service. The court stated as follows:

" * * * There is, however, an obvious difference in the requirements imposed upon a carrier who operates on fixed schedules and over regular routes and those non-scheduled carriers operating over irregular routes. Van Arsdale v. King, Fla., 149 So.2d 353. Likewise, there is a marked difference as to what constitutes abandonment or dormancy of certificates of the two types of carriers.

It may well be that, as to scheduled, regular route carriers, the legislature, by the amendment, provided that a particular route or schedule may become dormant through non-use. It is quite clear to us that the same rules cannot apply to a carrier authorized to operate non-schedules service over irregular routes, for the very reason that such a carrier is not required to operate upon any fixed schedule or to transport to any particular place or over any regular route. All that is required is that such service be available whenever requested by a shipper."

The court in the cited case, quoted with approval the following conclusion made by it in a prior decision:

" ' * * * mere non-user by the holder of a certificate authorizing non-scheduled service over irregular routes does not constitute either abandonment or discontinuance of service by a certificate holder shown to be at all times fully equipped, ready, able and willing to operate.' "

We are committed to the rule that an order of the Corporation Commission will be affirmed if sustained by law and substantial evidence. Dodds v. Ward, Okl., 418 P.2d 629.

And, in Shell Oil Company v. Davidor & Davidor, Okl., 315 P.2d 259, we said that the Corporation Commission has a wide discretion in the performance of its statutory duties and the reviewing court may not substitute its judgment on disputed questions of fact for that of the Commission, unless the findings of the Commission are not supported by the law and substantial evidence. See also Yellow Transit Co. v. State, 198 Okl. 229, 178 P.2d 83.

It is our conclusion that the order of the Commission is sustained by law and substantial evidence.

Affirmed.

BERRY, C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, LAVENDER and McINERNEY, JJ., concur.